UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-80162-CIV-MARRA

OCEANIC RESEARCH & SALVAGE
COMPANY 1, LLC and BOBBY
BOSTICK, individually,

        Plaintiffs,

v.

EMERGING SCIENCE &
TECHNOLOGIES GROUP, INC. and
JOSEPH W. FOLEY, individually, and
WES ESTES, individually,

        Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Joseph W. Foley and Wes Estes' Motion

to Dismiss for Lack of Personal Jurisdiction [DE 8], and Defendants' Motion to Strike and for

Sanctions [DE 29]. Both motions have been fully briefed and are ripe for the Court's

consideration. The Court has reviewed all papers submitted in connection therewith, the entire

file, and is otherwise duly advised in the premises.

## Background Facts

The Complaint generally alleges that the Parties entered into an agreement under which

Defendants would use their unique experience, specialized proprietary equipment and software to

locate precious metals and artifact sites at various locations off the coast of Florida from

Sebastian to Jupiter. [DE 1-3 at ¶ 9]. Plaintiffs allege they performed all conditions precedent to

the Agreement and made all payments thereunder. [*Id*. at ¶ 10]. Plaintiffs allege that Defendants breached the Agreement by failing to complete all of the work and by presenting an inaccurate report. [*Id*. at ¶ 11]. Plaintiffs seek damages arising from this alleged breach. [*Id*. at 3]. Plaintiffs also seek specific performance and injunctive relief, the latter relating to the potential dissemination of information in the survey and report. [*Id*. at 3-4].

Plaintiffs further allege fraud in the inducement; civil theft; breach of loyalty to partner; seek an accounting; seek establishment of a constructive trust; allege interference with prospective business relationships; breach of joint venture agreement; conversion; and seek declaratory relief [*Id*. at 4-11], all relating to their claim that Defendant Estes represented to Plaintiffs that if Plaintiff Bostick provided Defendants Estes and ESTG with one million dollars in cash, with another $500,000 to be paid later, they would use the money to develop new equipment, technology and software to make locating natural resources, precious metals and artifacts easier and would share the ownership rights equally with Plaintiffs. [*Id*. at ¶ 27]. Plaintiffs claim that they made that payment, but were never provided with any further information on these advancements or the profits derived therefrom.

### I. Motion to Strike and for Sanctions.

Defendants have moved pursuant to Fed. R. Civ. P. Rule 11 and Fla. Stat. Ann. §57.105, seeking to have the Court strike the Complaint as wholly without factual support. Defendants also seek sanctions. [DE 29]. Defendants assert that Plaintiffs' claims are completely baseless. *Id*. They argue that the contract claims are baseless, because the contract was completed. As to the claims relating to the alleged transfer of $1,000,000 in cash in exchange for an interest in a joint venture, Defendants argue that this simply never occurred. *Id*.

In response thereto, Plaintiffs argue that there is a factual dispute relative to whether Defendants breached the contract. Furthermore, Plaintiffs have submitted three sworn affidavits attesting to the transfer of the $1,000,000 in cash. [DE 45-1, 45-2, and 45-3]. Having provided some evidentiary support for their Complaint, Defendants' Motion must be denied. *See, e.g., Davis v. Carl*, 906 F.2d 533, 536 (11th Cir. 1990).

## II. Defendants Joseph W. Foley and Wes Estes' Motion to Dismiss for Lack of Personal Jurisdiction

### The Parties' Positions

The individually named Defendants[1] have brought a motion pursuant to Fed. R. Civ. P. 12(b)(2) and (6), seeking a dismissal of the Complaint as against them for lack of personal jurisdiction and for failure to plead fraud with particularity. [DE 8]. They argue that Florida's corporate shield doctrine protects them, in their individual capacities, for actions taken as corporate officers. [DE 8 at 7-10]. As to the fraud claim, Defendants note the absence of the kinds of details required in a complaint. [*Id*. at 12-13].

Plaintiffs respond that they adequately pled personal jurisdiction, which shifted the burden to Defendants. Defendants, having submitted evidence in support of their motion, the burden shifted back to Plaintiffs. Plaintiffs submit the affidavit of Plaintiff Bostick, which they note is contrary to Defendants' submission. In his affidavit, Mr. Bostick states that after the survey was done,

> Mr. Estes in his individual capacity told me that he and Mr. Foley could develop additional technology which would assist in more precise location of precious metals, gas, oil and ore. Further he

---

[1]When the Court refers to "Defendants" hereafter, it is referring solely to the two individual Defendants.

> suggested that if I could come up with the needed development
> funds the three of us (Mr. Estes, Mr. Foley, and myself) would
> enter into joint venture related to additional attempts to locate
> precious metals, gas, oil and ore.

[DE 21-1 at ¶ 6].

Plaintiffs argue that because the evidence conflicts, all reasonable inferences must be construed in favor of the Plaintiffs. They argue that Florida's long-arm statute and the due process requirements of the Constitution have been satisfied. [DE 21]. Plaintiffs do not address Defendants' argument that the Complaint fails to plead fraud with particularity.

Defendants reply by arguing that Plaintiffs' submission lacks any details as to where and when actions relating to the purported joint venture are claimed to have occurred. They also note the lack of facts connecting Defendant Foley to the alleged proposal for a joint venture. They argue that Plaintiffs have not shown sufficient minimum contacts with the forum. [DE 24 at 2-3, 4].

## **Legal Standard**

It is a plaintiff's initial burden to establish a *prima facie* case of personal jurisdiction over a non-resident defendant in the complaint. The district court must accept the facts alleged in the complaint as true, to the extent they are not controverted by the defendant. If by defendant's non-conclusory affidavits or other competent evidence, defendant sustains the burden of challenging plaintiff's allegations in the complaint, the plaintiff must then substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof. When there is conflicting evidence, the district court must construe all reasonable inferences in favor of the plaintiff. *See Future Tech. Today, Inc., v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir.

2000).

When jurisdiction is based on diversity, as it is in this case, the assertion of jurisdiction is determined by state statute. Section 48.193(1)(a) of the Florida Statutes sets forth the acts that can establish *specific* personal jurisdiction, which are those suits that "arise out of or relate to a defendant's contacts with Florida." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).[2]

If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether: (1) sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment and that (2) maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Only if both prongs of the analysis are satisfied may this Court exercise personal jurisdiction over a non-resident defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).

## Discussion

Because the Court finds that Plaintiffs failed to meet their initial burden to establish a *prima facie* case of personal jurisdiction over the non-resident individual Defendants in the Complaint, the burden never shifted to Defendants or then back to Plaintiffs.

---

[2]Section 48.193(2) of the Florida Statutes "provides that Florida courts may exercise *general* personal jurisdiction –that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida – if the defendant engages in 'substantial and not isolated activity' in Florida." Plaintiffs are not alleging that the Court has general jurisdiction over the Defendants. [DE 21].

5

First, Plaintiffs refer throughout Count I to "Defendants". By lumping the Defendants together and failing to provide a factual basis to distinguish their individual conduct, the Complaint fails to give Defendants fair notice of the factual basis for the claims asserted against them. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Furthermore, as to the Counts in the Complaint relating to the Agreement to produce a survey, nothing contained therein suggests that the individual Defendants acted other than in their capacities as officers of Defendant Emerging Science & Technologies Group, Inc. ("ESTG"). In fact, the Complaint itself belies Plaintiffs' arguments. Count II, which seeks specific performance, states, in relevant part, that

> Plaintiffs are without an adequate remedy at law since **Defendant ESTG** possesses unique proprietary software, equipment and skills, which have not been duplicated by anyone else in the world. As such, **only Defendant ESTG** can perform the site surveys that Plaintiffs entered in the Agreement for **them** to perform and Plaintiffs are unable to obtain the completed survey anywhere else.

[DE 1-3 at ¶ 17 (bold emphasis added)]. Thus, Plaintiffs have clearly pled that this Agreement was with ESTG, and that it was **only** ESTG that could perform under the Agreement.

The lack of specificity in the allegations directed towards the individual Defendants in the Counts relating to the survey makes it impossible to determine whether a basis for personal jurisdiction exists as to them. Therefore, Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over the individual Defendants in these Counts.

As to the Counts alleging fraud, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. That rule provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (citation omitted). In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir.2008). *See also, Platinum Estates, Inc. v. TD Bank*, No.11-CV-60670, 2012 WL 760791 (S.D. Fla. March 8, 2012).

The Complaint clearly fails to meet this standard. Furthermore, the Counts relating to the alleged joint venture contain insufficient specificity to support a finding of personal jurisdiction over the two individual Defendants.

Having found that Plaintiffs failed to meet their initial burden to make a *prima facie* case of personal jurisdiction, the Complaint must be dismissed as to the individual Defendants, and the Court has not considered the additional material submitted by the Parties in arriving at this decision. The Court, in its discretion, will permit Plaintiffs to amend their Complaint should they have a valid basis upon which to do so. By permitting this amendment, the Court is not

commenting on whether such an amendment would have any merit.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' Motion to Strike and for Sanctions [**DE 29**] is **DENIED**.

2. Defendants Joseph W. Foley and Wes Estes' Motion to Dismiss for Lack of Personal Jurisdiction [**DE 8**] is **GRANTED**. This case is **DISMISSED** solely as to **JOSEPH W. FOLEY and WES ESTES**.  Plaintiffs are given **LEAVE TO FILE AN AMENDED COMPLAINT** within **14 days** of the date this Order is entered.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of September, 2017.

_____
KENNETH A. MARRA
United States District Judge